```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
_____
                                    :
MICHAEL SAVAGE,                     :
                                    :
          Petitioner,               :   Civ. No. 20-1842 (NLH)
                                    :
     v.                             :   OPINION
                                    :
SUPERVISOR OF RECORDS               :
For JBMDL NJ 08640-090200,          :
                                    :
          Respondent.               :
_____:
```

APPEARANCES:

Michael Savage
68826-066
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Michael Savage, a federal prisoner detained at FCI Fort Dix, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons that follow, the Court will dismiss the petition without prejudice to Petitioner's ability to file an amended petition.

I. BACKGROUND

    Petitioner states:

> Aggrieved citizen petitioner herein respectfully request that this honorable District Court of the United States issue Writ of habeas corpus Command to Immediate Custodian quoad hoc Supervisor Of Records and/or Staff In-Charge-of Records to

> produce my body in this Federal Court at a pre-specified day and hour, along with both (A) the record that Certify execution of a Sentence for a Pa. citizen in State of New Jersey within JBMDL NJ 08640-090200; and (B) the Lawful judicial Warrant or other lawful Power respondent follows to make lawful unilateral restraint of petitioner's liberty in State of New Jersey's executive Captivity solely to enforce State of Pa.'s Laws?

ECF No. 1 at 3. He further alleges that he is being "held against [his] will and in involuntary Captivity within the State of New Jersey's local political subdivision doing business under trade name and/or commercial identifier encryption, to wit: 'JBMDL NJ 08640-090200' and physically with and solely as to one of the State's undocumented criminal Alien federal inmate Population that is incarcerated until deported by ICE or death from old age or disease." Id. at 4 (emphasis omitted). Petitioner asserts he has never received "service of process from any Court -not a local Court of the State of New Jersey nor a United States District Court within or without the· State of New Jersey, that noticed me to or show the nature and cause of my, a State of Pennsylvania citizen, within JBMDL NJ 08640-090200's undocumented criminal Alien federal inmate Population." Id.

Petitioner alleges the Commonwealth of Pennsylvania issued a detainer against him based on a parole violation. Id. at 4. He states prison employees have refused to give him an order "giving a Supervisor of Record executive Power to be fiat or

2

otherwise Order my body and liberty permanently restrained within State of New Jersey to enforce laws in the State of Pennsylvania unilaterally . . . ." Id. at 5. He asserts he should be given back to Pennsylvania authorities and requests "the record showing the Lawful Power followed in State of New Jersey." Id. at 7.

II. DISCUSSION

    A. Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B. <u>Analysis</u>

In relevant part, Habeas Rule 2 requires the petition to:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

28 U.S.C. § 2254 Rule 2(c).  "Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide 'fair notice of what the plaintiff's claim is, and the grounds upon which it rests.'  Habeas Rule 2(c) is more demanding."  <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

"'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."  <u>Id.</u> (quoting Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471) (alteration in original).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  <u>Id.</u> at 656 (quoting 28 U.S.C. § 2243).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994).  The United States

4

Court of Appeals for the Third Circuit has found summary dismissal without the filing of an answer was warranted where none of the grounds alleged in the petition would entitle the petitioner to habeas relief, see United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), or the petition contains vague and conclusory allegations, see United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

As best the Court can discern, Petitioner is alleging it is illegal for him to be held in FCI Fort Dix because he is a resident of Pennsylvania and no New Jersey court has ordered him to be held in FCI Fort Dix.  FCI Fort Dix is operated by the Federal Bureau of Prisons, a division of the United States Department of Justice, not the State of New Jersey.  Presumably, Petitioner has a federal conviction, which entitles the Bureau of Prisons to exercise its authority to determine the most suitable location for Petitioner to serve his federal sentence. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . .").

It is not entirely clear to the Court what arguments Petitioner is making regarding his detainer issued by the Commonwealth of Pennsylvania.  The Court will dismiss the petition under Habeas Rule 2, but Petitioner may file an amended petition clearly stating his arguments.  The Court urges Petitioner to state his allegations in a plain matter without

5

resorting to "pointless rhetoric, senselessly-picked Latin terms, irrelevant constitutional excerpts, etc." El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 557 (D.N.J. 2011).  To assist him, the Court will direct the Clerk to send a new form for § 2241 proceedings.

To the extent a certificate of appealability is required, the Court declines to issue one because jurists of reason would not find it debatable that dismissal of the petition is correct. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III. CONCLUSION

For the foregoing reasons, the petition is dismissed without prejudice under Habeas Rules 2 and 4.  The Clerk shall send Petitioner a new § 2241 petition form, and Petitioner may submit an amended petition within 30 days.

An appropriate order will be entered.


Dated: September 24, 2020             s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.